# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JBLANCO ENTERPRISES, | ) | CASE NO. 1:13-cv-2831 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| SOPREMA ROOFING AND WATERPROOFING, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiff JBlanco Enterprises ("plaintiff" or "JBlanco") for an extension of time to file a notice of appeal. (Doc. No. 117 ["Mot."].) Defendant Soprema Roofing and Waterproofing, Inc. ("defendant" or "Soprema") has opposed the motion (Doc. No. 119 ["Opp'n"]), to which JBlanco replied (Doc. No. 122 ["Reply"]). For the reasons that follow, the motion is denied.

**A. Background**

On November 8, 2016, the Court issued a memorandum opinion and order granting summary judgment in favor of Soprema and against JBlanco on JBlanco's complaint and Soprema's counterclaims. (Doc. No. 101 ["MOO"].) After the Court ruled on summary judgment, the parties attempted to reach a global settlement but were unsuccessful. Thereafter, the Court published the Judgment Entry on January 10, 2017. (Doc. No. 116 ["JE"].) On February 15, 2017, JBlanco moved for an extension of time of six (6) days to file a notice of appeal from the judgment entry.

According to the motion, counsel for JBlanco instructed his secretary on January 31, 2017, to prepare a draft notice of appeal. Counsel edited the draft and "thought that he returned it to his secretary for filing." (Mot. at 2110.[1]) The motion does not state when counsel attempted to return the notice to his secretary for filing, and no affidavit from counsel is provided with the motion. According to the motion, plaintiff's counsel discovered the appeal was not filed when preparing the notice of appearance for the appeal. (*Id.*) "Although [plaintiff's counsel] has a copy of the Notice of Appeal on his traveling computer, he was unable to locate any transmission to his secretary. [Plaintiff's counsel] believes that the transmission may have been lost during travel when using unfamiliar Internet connections, but is not certain." (*Id.*) Without citation to any legal authority, plaintiff seeks an extension of time to file the notice of appeal, arguing that Soprema was aware of JBlanco's plan to appeal and a short extension will not prejudice defendant. (*Id.*) JBlanco filed the notice of appeal on the same day the motion was filed. (Doc. No. 118.)

**B. Discussion**

**1. Fed. R. App. P. 4**

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). "[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "'The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction.'" *Peery v. C.I.R.*, 610 F. App'x 566, 567 (6th Cir. 2015) (quoting *Rhoden v. Campbell,* 153 F.3d 773, 774 (6th Cir. 1998)); *Baker v. Raulie,* 879 F.2d 1396, 1398 (6th Cir. 1989) (citations omitted).

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

"The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."[2] Fed. R. App. P. 4(a)(5)(A). "Good cause will be found where forces beyond the control of the [movant] prevented [the] filing of a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citing *Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 630 (1st Cir. 2000)). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." 16A Fed. Prac. & Proc. Juris. § 3950.3 (4th ed.) (quoting Fed. R. App. P. 4(a)(5)(A)(ii) 2002 advisory committee's notes).

2. Analysis

Soprema opposes the motion on the grounds that under controlling case law, plaintiff's failure to timely file the notice of appeal does not constitute "excusable neglect." In order to determine whether neglect[3] is "excusable" under Fed. R. App. P. 4(1)(5)(A), the Sixth Circuit applies the four factors articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (citing *United States v. Thompson,* 82 F.3d 700 (6th Cir. 1996)). Determinations of excusable neglect "sound in equity" and take into account "all relevant circumstances," including: (1) the danger of prejudice to the non-moving

---

[2] "[T]he 2002 amendment to Rule 4(a)(5) has made clear that both the excusable-neglect and the good-cause alternatives are available regardless of whether the motion is made before or after the expiration of the appeal deadline." 16A Fed. Prac. & Proc. Juris. § 3950.3 (4th ed.); *Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015) ("Pursuant to Rule 4(a)(5), a movant may request a filing extension of up to 30 days upon a showing of 'excusable neglect or good cause,' Fed. R. App. P. 4(a)(5)(A)(ii), but must do so within the 30 days following the initial 30-day appeal period. Fed. R. App. P. 4(a)(5)(A)(i).").

[3] As a threshold matter, the parties do not appear to dispute that plaintiff's failure to timely appeal is due to neglect, which "encompasses both simple, faultless omissions to act and omissions caused by carelessness." *Curry v. Eaton Corp.*, 400 F. App'x 51, 56 (6th Cir. 2010) (citing *Pioneer,* 507 U.S. at 388).

party; (2) the length of the delay and impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* (citing *Pioneer*, 507 U.S. at 395); *Curry v. Eaton Corp.*, 400 F. App'x 51, 56-57 (6th Cir. 2010) (citing *Pioneer*, 507 U.S. at 395). Clients are "'accountable for the acts and omissions of their chosen counsel[]'" with respect to the timely filing of an appeal. *Airline Prof'ls Ass'n v. ABX Air, Inc.*, 109 F. Supp. 2d 831, 833 (S.D. Ohio 2000) (quoting *Pioneer,* 507 U.S. at 396-97; citing *Allen v. Murph,* 194 F.3d 722, 724 (6th Cir. 1999)).

In opposing the motion, defendant concedes that it will be only "mildly prejudiced" if an extension is granted, and that a delay of 6 days will "not likely impact judicial proceedings[.]" (Opp'n at 2122.) Defendant does not contend that the movant acted in bad faith or dispute that JBlanco's counsel discussed his client's desire to appeal with Soprema's counsel. (*Id.*) Soprema's entire opposition is grounded in the argument that JBlanco's reason for failing to timely file an appeal was within plaintiff's reasonable control and does not constitute excusable neglect. (*Id.* at 2122-25.) In support, defendant cites a number of cases denying extensions of time to appeal for lack of excusable neglect due to failure of fax and voicemail machines,[4] miscalculation of date appeal due,[5] and attorney's alleged failure to instruct an assistant to use overnight mail.[6]

JBlanco argues in reply that all of the *Pioneer* factors weigh in its favor except, arguably, the reason for the delay. But all of the *Pioneer* factors do not carry equal weight—"the reason for the delay is the factor that is the most critical to the excusable neglect inquiry." *Proctor*, 560 F. App'x at 459 (citing *United States v. Munoz,* 605 F.3d 359, 372 (6th Cir. 2010)). "Should a district

---

[4] *Manns v. ArvinMeritor, Inc.*, Case No. 3:02CV7430, 2004 U.S. Dist. Lexis 5620 (N.D. OH Mar. 12, 200) (motion to extend time to appeal filed 30 days after expiration of deadline to appeal).

[5] *Douglas v. Swing*, No. 1:10-CV-14-HJW, 2011 WL 4946272, at *2 (S.D. Ohio Oct. 18, 2011) (motion to extend time to appeal filed 2 days after expiration of deadline to appeal), *aff'd,* 482 F. App'x 988 (6th Cir. 2012).

[6] *Jackson v. Chandler*, 463 F. App'x 511, 514 (6th Cir. 2012).

4

court find excusable neglect, the court must then examine the questions of prejudice and bad faith; if there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension." *Curry*, 400 F. App'x at 57 (citing *Thompson,* 82 F.3d at 702 (citing *Pioneer,* 507 U.S. at 397-98)); *see also VanRiper v. Local 14, Int'l Union United Auto., Aerospace & Agr. Implement Workers of Am.*, No. 3:13CV2102, 2015 WL 1291676, at *2 (N.D. Ohio Feb. 23, 2015) ("A party must first establish excusable neglect; only after such a showing may the court examine questions of prejudice or bad faith.") (citing *Thompson,* 82 F.3d at 702 (citing *Pioneer,* 507 U.S. at 397-98)). Even in cases where there is no prejudice to the non-moving party and the delay is minimal with almost no impact on judicial proceedings, a failure to show excusable neglect will still result in an the denial of a motion to extend time to file an appeal. *See Deym v. von Fragstein*, 127 F.3d 1102 (Table) (6th Cir. 1997) (reversing lower court's grant of 5 day extension on the grounds that "loss of a long-term paralegal assistant, illness of an entrusted associate, and an extraordinary personal workload" does not constitute excusable neglect) (citing among other authorities, *Pioneer*, 507 U.S. at 389). Thus, the Court will first analyze plaintiff's reason for failing to timely file an appeal.

Taking into account all the relevant circumstances, JBlanco argues that its failure to timely file the notice of appeal is excusable. (Reply at 2135-36 (citing *Pioneer*, 507 U.S. at 306).) These circumstances include plaintiff's counsel discussing the appeal with Soprema's counsel, instructing his secretary 10 days ahead of the deadline to prepare a draft notice of appeal, instructing his associate to prepare a timeline of upcoming deadlines for prosecuting the appeal in the Sixth Circuit, and taking immediate steps to request an extension upon discovering that the notice was not filed "due to an apparent transmission error[.]" (*Id.* at 2137-38.) Plaintiff argues that counsel's mistaken belief that he transmitted the notice of appeal to his secretary for filing is

factually distinguishable from the cases cited by defendant because, in this case, plaintiff's counsel prepared the notice in advance of the filing date but was unaware of any issues or circumstances that may have prevented or interfered with the transmission of his email to his secretary. (*Id*.) Obviously lacking in plaintiff's motion and reply is citation to a single authority where facts similar to those found in this case were determined to constitute excusable neglect.

Counsel's travel and time out of the office do not support a showing of excusable neglect for failure to timely file an appeal. *See Airline Prof'ls*, 109 F. Supp. 2d at 834. Neither does counsel's preparation of the notice, and claimed transmission of the notice to his secretary for filing, before the deadline. *Baker*, 879 F.2d at 1399 (excusable neglect not shown where notice was prepared and mailed within 30 day time period for appeal, but did not arrive until after the period had expired, and counsel being in trial is not a "unique and extraordinary" circumstance and does not address the "obvious question" of why the appeal was not filed earlier). JBlanco does not explain why, given counsel's travel schedule and the alleged vagaries of using unfamiliar internet connections while on the road, the notice of appeal was not filed earlier in the 30 day time period.

This case is similar to *Joseph v. City Comm'n of City of Birmingham*, 888 F.2d 1391 (Table) (6th Cir. 1989). In *Joseph*, plaintiff's counsel prepared, signed, and delivered a notice of appeal to his secretary for filing, but the notice was misplaced and not filed. Counsel in *Joseph* argued that he had exercised "substantial diligence in attempting in good faith to file the notice of appeal on time," which was sufficient to constitute excusable neglect. The district court disagreed and the Sixth Circuit affirmed, noting that after giving the notice of appeal to his secretary, counsel took no further action to follow-up with his staff to assure that his instructions were followed. *Id*. Similarly here, while counsel prepared the notice in advance and may have not known that his

secretary did not receive his email or file the notice, plaintiff does not explain why counsel did not follow-up with his secretary or associate regarding the filing.

District courts are not permitted to "carte blanche" grant motions for extensions of time under Rule 4(a)(5)(A). *Thompson,* 82 F.3d at 702. "'Excusable neglect has been held to be a strict standard which is met only in extraordinary cases.'" *Proctor,* 560 F. App'x at 458 (quoting *Nicholson,* 467 F.3d at 526). That standard, however, is not impossible to satisfy.

In *Curry*, for example, counsel for plaintiff filed a notice of appeal with the Western District of Kentucky's electronic docketing system within the 30 day time period for appeal. Counsel received notification that his payment of the filing fee had been accepted, but did not receive final confirmation that the filing itself had been accepted and the appeal was not docketed. *Curry,* 400 F. App'x at 56. The Sixth Circuit affirmed the district court's decision to grant an extension of time to appeal, finding that the district court was "well within his discretion in finding that the relevant circumstances justified an extension of the deadline for notice of appeal" because the "district court is in a far superior position to understand the challenges of those seeking to comply with its electronic docketing system[.]" *Id.* at 57. In this case, however, counsel did not attempt to actually file the notice under circumstances where he may have reasonably believed the task was accomplished.

Simply preparing the notice beforehand and giving it to someone else to file—if that was even done is this case—does not establish excusable neglect; diligence in timely preparing the notice does not equate with diligence in timely filing the notice. Travel and working remotely from the road are now routine aspects of legal practice. In this digital age, failed text and email transmissions are within the realm of our common experiences. The circumstances of plaintiff's untimely filing were not unique or extraordinary, but entirely avoidable. In addition to failing to

follow-up with his secretary to ensure that his edited notice was received and filed, counsel also did not utilize readily available tools for monitoring whether the notice was filed. If the notice of appeal had been docketed, plaintiff's counsel would have automatically received an electronic notification through the Court's electronic filing system; docketing information for every case is also available by logging in to the Court's PACER system. *See Yeschick v. Mineta*, 675 F.3d 622, 629-31 (6th Cir. 2012) (in context of motion for relief from judgment, counsel's neglect in not checking the docket was not excusable). The unremarkable act of simple follow-up by a number of readily available means was all that was required in this case for plaintiff to have avoided an untimely appeal.

Considering all of the circumstances, the Court finds that plaintiff's neglect in failing to timely file an appeal in this case is not excusable. In the absence of excusable neglect, plaintiff's motion must be denied.

**C. Conclusion**

For all of the foregoing reasons, plaintiff's motion for an extension of time to file an appeal is denied.

**IT IS SO ORDERED**.

Dated: May 8, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**